## AN UNNAMED ATTORNEY, Movant,

### v.

## KENTUCKY BAR ASSOCIATION, Respondent.

### No. 99–SC–0730–KB.

Supreme Court of Kentucky.

Sept. 23, 1999.

---

### OPINION AND ORDER

Movant, An Unnamed Attorney, moves this Court to enter an order privately reprimanding him for his violation of SCR 3.130–1.7(a). That rule provides:

(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) Each client consents after consultation.

The charge in the instant proceeding arose from Movant's representation of both Jane and John Smith[1] in a divorce case. The Smiths approached Movant on July 28, 1997, and requested his assistance in dissolving their marriage. Apparently, the two had already come to an informal property settlement agreement and simply wanted Movant's assistance in formalizing the agreement and dissolution. Movant met briefly with Jane and John (in each other's presence) on that day, and scheduled a later appointment to finalize the paperwork.

On August 2, 1997, Movant again met with Jane and John, in each other's presence, and discussed property rights and joint custody of the couple's children. At that time, Movant drafted a property settlement agreement which, among other things, recited that the parties had been advised of their right to seek separate counsel. Jane wrote a check to Movant on the parties' joint account in the amount of $107.00 for a filing fee and service of process by certified mail. At this time John signed the petition for dissolution and Jane signed a waiver of entry of appearance. The Smiths left Movant's office that day seemingly satisfied.

On August 4, 1997, however, Jane went to Movant's office alone, to express her discontentment with the property settlement agreement he had prepared. It appears that Jane, after signing the property settlement agreement, learned that John had a girlfriend. This revelation caused Jane to re-think her previous position regarding the terms of her divorce from John. Jane asked Movant not to file the petition for dissolution (which John had already signed). Movant agreed not to file

---

1. The names of the parties have been changed to protect the anonymity of the attorney being reprimanded privately. Though the reprimand is private and only the attorney himself should know this case is about him, the Court feels other members of the bar will benefit from a published opinion condemning Movant's actions.

the petition or the settlement agreement until he had spoken with both parties. At this time, Movant told Jane he was concerned about the ramifications of legally representing both parties, and suggested that Jane seek other counsel.

Jane did just that, and two days later retained another attorney. On August 11, 1997, that attorney wrote to Movant, informing him of her representation of Jane, and reiterating Jane's request that Movant not file the petition or settlement agreement until he had spoken with both parties.

On September 3, 1997, Movant filed the petition for dissolution and property settlement agreement in the circuit court. On this same day, he wrote to Jane's attorney and explained his actions by stating, "Mr. [John Smith] has insisted I file the petition and agreement the parties have entered into regarding the parties. I feel a legal obligation to proceed. Obviously you and your client can handle this matter as you feel appropriate." That same day, Movant cashed the check for $107.00 which Jane had written him upon their second meeting.

On September 5, 1997, Jane's new counsel filed a response on Jane's behalf to the petition for dissolution. Thereafter, the divorce proceeded as a contested divorce, and Movant continued to represent John Smith.

Movant states that he offered to withdraw from the case during a hearing before the Domestic Relations Commissioner, but that based on the Commissioner's response, Movant believed his withdrawal was not required. He now admits his failure to withdraw was in error. When the Smiths' divorce action came before the circuit court, the judge questioned the propriety of Movant's representation of John Smith. Shortly thereafter, Movant withdrew as John's counsel.

Movant now admits that his continued representation of John Smith violated SCR 3.130–1.7(a) and constituted unprofessional and unethical conduct. In support of his motion for a private reprimand, Movant points out that he has no prior disciplinary history, and notes that the Smith divorce is now complete. The KBA has no objection to his motion.

Upon the foregoing facts and charges, it is ordered that Movant is hereby privately reprimanded for his professional misconduct.

All concur.

ENTERED: September 23, 1999.

/s/ Joseph E. Lambert
Chief Justice